**UXMAL CORPORATION LIMITED,**
**Plaintiff,**

v.

**WALL INDUSTRIES, INC., et al.,**
**Defendants.**

**Civ. No. 70–1107.**

United States District Court,
S. D. Florida,
Miami Division.
March 3, 1972.

A. J. Barranco, Jr., Miami, Fla., Lawrence A. Hymo, Cushman, Darby & Cushman, Washington, D. C., Robert Ward, Miami Beach, Fla., for plaintiff.

Batchelor, Brodnax, Guthrie & Kindred, Miami, Fla., for defendants.

## ORDER

KING, District Judge.

The above-styled case came on for pre-trial conference on February 22,

1972, due notice having been given to all parties. At that time the Court reviewed the history of this case and the item by item default of the defendants. The defendants have ignored the orders of the Court setting this case for pre-trial conference on November 22, 1971 and again on February 22, 1972. The defendants have ignored Rule 14 of the Rules of Court for the Southern District of Florida pertaining to pre-trial procedure. The defendants have misrepresented the record by stating in their memorandum to continue pre-trial conference filed February 9, 1972 that:

"A motion by defendant to dismiss was filed about Autust 5, 1971, having been delayed from the original date of contemplation in September, 1970, by reason of negotiations for possible settlement."

In fact the first motion to dismiss was filed September 18, 1970 and an order denying that motion was signed by C. Clyde Atkins, United States District Judge on October 12, 1970. Judge Atkins ordered the defendants to file their answer to the complaint within 60 days. This order was also ignored.

For these and the other reasons specified in the pretrial conference the Court, pursuant to Rule 14K of the Rules of Court, ordered the defendant's pleadings stricken and judgment entered in favor of the plaintiff.

On February 11, 1972 the plaintiff moved for summary judgment with extensive supporting memoranda and four affidavits. The defendants did not respond to said motion for summary judgment as required by Rule 56(e) of the Federal Rules of Civil Procedure but chose instead to file a last minute motion to dismiss plaintiff's motion for summary judgment. (February 22,

1972, 9:25 a. m.). Rule 56(e) provides: "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, *shall* be entered against him".

Although the motion of plaintiff for summary judgment was rendered moot by the rulings of the Court in the pretrial conference, the status of the record impels the conclusion that the plaintiff would be entitled to an order providing for summary judgment on the issues of venue and infringement, in the absence of said rulings. Wherefore it is,

Ordered, adjudged and decreed:

1. Defendants Wall Industries, Inc., Wall Rope Works, Wall Rope Works, Inc. and/or other parties whose names are unknown doing business as Wall Rope Works at 4000 N.W. 31 St., Miami, Florida and each of them and each of their officers, partners, corporations, organizations and other entities in active concert or participation with said defendants or any of them be and they are hereby permanently enjoined from manufacturing, using, selling or offering or contracting for the sale of synthetic polypropylene twines "1 ply 550" and "1 ply 1630" or any other product which shall be the same as the aforementioned and/or which infringes upon U.S. Patent 3,315,454.

2. William L. Carranza is added as a party plaintiff to this action.

3. A trial on the question of damages be and the same is hereby set for the two week trial period beginning May 15, 1972. A call of the calendar will be held the previous Thursday at 2:00 p. m.